UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VINCENT DANIEL HOPPER,

    Plaintiff,

v.

G. WIGEN, *et al*,

    Defendants.

Case No. C05-5662FDB

ORDER TO SHOW CAUSE

    This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. This matter comes before the court on plaintiff's filing of an application to proceed *in forma pauperis* and a civil rights complaint under 42 U.S.C. § 1983. To file a complaint and initiate legal proceedings plaintiff must pay a filing fee of $250.00 or file a proper application to proceed *in forma pauperis*.

    On October 6, 2005, the clerk received plaintiff's complaint. (Dkt. #1). That same day, the clerk sent plaintiff a letter informing him that he must either pay the $250.00 court filing fee or submit a proper application to proceed *in forma pauperis* by November 18, 2005, or this matter could be subject to dismissal. (Dkt. #2). On October 26, 2005, the clerk received an *in forma pauperis* application from plaintiff. That application, however, contains the following deficiencies.

    Pursuant to 28 U.S.C. § 1915(a)(2):

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified

ORDER
Page - 1

> copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff thus is required to submit a statement showing the balance and activity of his account for the six-month period immediately preceding the filing of his complaint. Here, plaintiff submitted a copy of his "detainee account detail report" from the Northwest Detention Center, showing the activity and balance of his prison or jail account(s) for only the period of August 23, 2005, through October 21, 2005.

In addition, Local Rule CR 3(b) provides in relevant part:

> At the time application is made under 28 U.S.C. § 1915 or other applicable acts of Congress, for leave to commence any civil action or to file any petition or motion without being required to prepay fees and costs or give security for them, each petitioner, movant or plaintiff shall:
> (1) Complete the in forma pauperis affidavit approved for use in this district; and
> (2) File a written consent that the recovery, if any, in the action, to such amount as the court may direct, shall be paid to the clerk who may pay therefrom all unpaid fees and costs taxed against the plaintiff, and to his attorney the amount which the court allows or approves as compensation for the attorney's services.

Plaintiff, however, has not submitted the written consent required by Local Rule CR 3(b)(2).

Accordingly, this court orders the following:

(1) Plaintiff shall seek to cure these deficiencies by filing **no later than January 5, 2006**, (a) a copy of her prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) showing the balance and activity of her account(s) for the <u>six-month period</u> immediately preceding the filing of her complaint; and (b) a copy of the written consent required by Local Rule CR 3(b).

**Failure to cure these deficiencies by the above date shall be deemed a failure to properly prosecute this matter and the court will recommend dismissal of this matter.**

(2) The clerk is directed to send a copy of this Order to plaintiff along with the appropriate written consent form.

DATED this 5th day of December, 2005.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2